**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-cv-20965-BLOOM/Otazo-Reyes**

IN RE:

PETITION OF MARCO A. COLON and
ROBERT S. BATISTA, as Owners of and for
a 2021 Yamaha AR 190, hull identification
number YAMC0160G021, her engine, tackle
and appurtenances,

       Petitioners.

_____/

## ORDER TO SHOW CAUSE

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. On June 9, 2021, Petitioners filed a Motion to Dismiss Claim of the Estate of Melchisedeck Fontilus Due to Lack of Standing, ECF No. [36] ("Motion"). Specifically, Petitioners seek dismissal of Claimants' wrongful death claim on the basis that they have not been appointed as co-personal representatives of the Estate of Melchisedeck Fontilus. *See generally id.*; *see also* Fla. Stat. § 768.20 (providing that a wrongful death action "shall be brought by the decedent's personal representative.").

On June 30, 2021, Claimants filed a Response to the Motion, ECF No. [38] ("Response"), in which they concede that an estate had not been opened at the time of filing the wrongful death claim. *Id.* ¶ 6. However, Claimants explain that they opened an estate and filed a petition for appointment as co-personal representatives in the Eleventh Judicial Circuit in and for Miami Dade-County, Florida on June 30, 2021. *Id.*; *see also* ECF No. [38-1].

While the "failure to plead a plausible factual basis for the capacity to sue or be sued can serve as the basis for dismissing a complaint[,]" the Eleventh Circuit has instructed that when the "appointment as a personal representative is a virtual certainty . . . courts should stay proceedings

CASE 1:21-cv-20965-BB   Document 40   Entered on FLSD Docket 07/22/2021   Page 2 of 2

rather than dismiss them." *Gubanova v. The Blackstone Grp. L.P.*, No. 12-22319-CIV, 2013 WL 12064500, at *2, *5 (S.D. Fla. Feb. 25, 2013) (citations omitted); *compare Glickstein v. Sun Bank/Miami, N.A.*, 922 F.2d 666, 671 (11th Cir. 1991)[1] (district court should have stayed proceedings where the pleadings made it "abundantly clear" that the personal representative's appointment was "assured" and "likely to be determined in the near future[.]"), *with Graca*, 2005 WL 6458603, at *2 ("[B]ecuase [plaintiff] provided the district court with no assurance of his capacity to sue and no evidence that the state court would appoint him representative, we cannot say that the district court erroneously dismissed the complaint.").

Accordingly, it is **ORDERED AND ADJUDGED** that **on or before August 1, 2021**, Claimants shall provide the Court with a detailed statement setting forth: (1) the status of the probate proceedings; and (2) any assurances that their appointment as co-personal representatives will be secured in the near future. Claimants shall also provide the Court with appropriate documentation in support of their position. Failure to comply with this Order may result in sanctions, including, but not limited to, dismissal of their claim without prejudice and without further notice.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 21, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

---

[1] Abrogated on other grounds by *Saxton v. ACF Indus., Inc.*, 254 F.3d 959 (11th Cir. 2001).

2