UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 21-cv-20965-BLOOM/Otazo-Reyes**

IN RE:

PETITION OF MARCO A. COLON and
ROBERT S. BATISTA, as Owners of and for
a 2021 Yamaha AR 190, hull identification
number YAMC0160G021, her engine, tackle
and appurtenances,

    Petitioners.
_____/

**ORDER ON MOTION TO DISMISS**

**THIS CAUSE** is before the Court upon Petitioners' Motion to Dismiss Claim of the Estate of Melchisedeck Fontilus Due to Lack of Standing, ECF No. [36] ("Motion"), filed on June 9, 2021. The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

Petitioners seek dismissal of Claimants' wrongful death claim on the basis that they have not been appointed as co-personal representatives of the Estate of Melchisedeck Fontilus. *See generally id.*; *see also* Fla. Stat. § 768.20 (providing that a wrongful death action "shall be brought by the decedent's personal representative."). On June 30, 2021, Claimants filed a Response to the Motion, ECF No. [38] ("Response"), in which they concede that an estate had not been opened at the time of filing the wrongful death claim. *Id.* ¶ 6. However, Claimants explain that they opened an estate and filed a petition for appointment as co-personal representatives in the Eleventh Judicial Circuit in and for Miami Dade County, Florida on June 30, 2021. *Id.*; *see also* ECF No. [38-1].

On July 21, 2021, the Court issued an Order to Show Cause, ECF No. [40], instructing Claimants to file a detailed statement setting forth: (1) the status of the probate proceedings; and

(2) any assurances that their appointment as co-personal representatives will be secured in the near future. As the Court previously explained, while the "failure to plead a plausible factual basis for the capacity to sue or be sued can serve as the basis for dismissing a complaint[,]" the Eleventh Circuit has instructed that when the "appointment as a personal representative is a virtual certainty . . . courts should stay proceedings rather than dismiss them." *Gubanova v. The Blackstone Grp. L.P.*, No. 12-22319-CIV, 2013 WL 12064500, at *2, *5 (S.D. Fla. Feb. 25, 2013) (citations omitted); *compare Glickstein v. Sun Bank/Miami, N.A.*, 922 F.2d 666, 671 (11th Cir. 1991)[1] (district court should have stayed proceedings where the pleadings made it "abundantly clear" that the personal representative's appointment was "assured" and "likely to be determined in the near future[.]"), *with Graca*, 2005 WL 6458603, at *2 ("[B]ecuase [plaintiff] provided the district court with no assurance of his capacity to sue and no evidence that the state court would appoint him representative, we cannot say that the district court erroneously dismissed the complaint.").

On July 28, 2021, Claimants filed their Supplemental Response to the Court's Order to Show Cause, ECF No. [41] ("Response to OSC"), explaining that the decedent was a single man with no children, died intestate, and was only survived by his parents—i.e., Claimants in this case, who are willing and eligible to act as co-personal representatives of their son's estate. *Id.* ¶¶ 2-5. Claimants further represent that they expect their appointment as co-personal representatives to occur on or before August 27, 2021. *Id.* ¶ 6. Based on the foregoing, the Court is satisfied that Claimants' appointment as co-personal representatives "is a virtual certainty" and "likely to be determined in the near future." *Gubanova*, 2013 WL 12064500, at *5; *Glickstein*, 922 F.2d at 671. Therefore, dismissal under these circumstances would be inappropriate.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

---

[1] Abrogated on other grounds by *Saxton v. ACF Indus., Inc.*, 254 F.3d 959 (11th Cir. 2001).

Case No. 21-cv-20965-BLOOM/Otazo-Reyes

1. The Motion, **ECF No. [36]**, is **DENIED**.

2. This case is **STAYED** for thirty (30) days, or until such time as Claimants are appointed co-personal representatives of the Estate of Melchisedeck Fontilus, whichever is earlier.

3. **On or before September 1, 2021**, Claimants shall notify the Court of the status of the probate proceedings and whether their appointment has been secured. Failure to comply may result in sanctions, including, but not limited to, dismissal without prejudice and without further notice.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 2, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record